**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE ANTONIO AYALA,

  Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 12-72295

Agency No. A073-906-082

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jorge Antonio Ayala, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for a waiver of

inadmissibility under 8 U.S.C. § 1182(h) and for adjustment of status.  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process claims. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not use an incorrect legal standard or violate due process in concluding that Ayala's conviction for assault with a deadly weapon under California Penal Code § 245(a)(1) constituted a "violent or dangerous crime" under 8 C.F.R. § 1212.7(d), which required him to meet the heightened hardship standard for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *See Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007).

We lack jurisdiction to review the agency's discretionary determination that Ayala has not established the heightened level of hardship for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *See* 8 U.S.C. § 1252(a)(2)(B)(i).

We lack jurisdiction to review the BIA's August 24, 2012, denial of Ayala's motion to reconsider and reopen because he did not timely petition for review of that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We also lack jurisdiction to consider Ayala's remaining contentions because he failed to raise those contentions before the agency, and therefore failed to exhaust his administrative remedies. *See Barron*, 358 F.3d at 678.

Ayala's request for an open-ended extension for filings is denied without prejudice.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**